DISABLED AMERICAN VETERANS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Disabled Am. Veterans v. Commissioner
Docket No. 15661-93
United States Tax Court
T.C. Memo 1994-505; 1994 Tax Ct. Memo LEXIS 517; 68 T.C.M. (CCH) 915; October 12, 1994, Filed *517 For petitioner: Donald Crichton Alexander. For respondent: Reid M. Huey and Nancy Ortmeyer Kuhn. KORNER
KORNER
MEMORANDUM OPINION KORNER, Judge: Petitioner herein, Disabled American Veterans, is an organization whose principal office is in Cold Spring, Kentucky. It is generally exempt from Federal income tax under section 501(a)[1] because it is an organization described in section 501(c)(4). Respondent mailed petitioner a statutory notice of deficiency with respect to petitioner's years 1986 and 1987, in which respondent determined that the fees received by petitioner from other organizations for the use of petitioner's mailing lists constituted rental income and were taxable to it. Petitioner timely filed a petition with this Court, in which petitioner, while conceding that such receipts for the use of its mailing lists would otherwise constitute unrelated business taxable income within the meaning of sections 512 and 513, nevertheless contends that such receipts are royalties within the meaning of section 512(b)(2) and are therefore exempt from tax, as opposed to rental income which would be taxable, according to respondent. This is not the first time this controversy *518 has been litigated between the parties, and a brief review of the history of the dispute may be helpful. The first litigation between the parties involved the taxable status of payments received by petitioner for the use of its mailing lists, covering the years 1970 through 1973. In this case, petitioner sued the United States on a claim for refund in the Court of Claims, and the result was an opinion and decision in the case of Disabled American Veterans v. United States, 227 Ct. Cl. 474, 650 F.2d 1178 (1981) (DAV I). [2] In that case, the Court of Claims found and held that the fees received by the Disabled American Veterans, petitioner here, were taxable income as rentals, and were not exempt from tax as royalty income within the meaning of section 512(b)(2). *519 Petitioner then brought a later case in this Court, in which it contested this same issue for its years 1974 through 1985, and on the same grounds. The same arrangements for the use by others of petitioner's mailing lists were apparently involved. This case became known as Disabled American Veterans v. Commissioner, and was reported at 94 T.C. 60 (1990) (Court reviewed), revd. 942 F.2d 309 (6th Cir. 1991) (DAV II). This Court, in a reviewed opinion, held that the payments to petitioner, which were the same as the ones described in DAV I, except for the difference in years, were not rental income but were royalty income within the meaning of section 512(b)(2) and exempt from tax. Respondent appealed that decision to the Court of Appeals for the Sixth Circuit, which reversed this Court. The Sixth Circuit held that there had been no change in the material facts or in the operative law between the time of the opinion in DAV I and the case which was before it (DAV II), and that Disabled American Veterans was bound by the decision of the Court of Claims in DAV I because of the operation of the principle of collateral estoppel. *520 Petitioner has now brought this action against respondent, involving its years 1986 and 1987. We will call it DAV III. So far as we can tell, the operative facts involving the use of petitioner's mailing lists are exactly the same and the parties so agree. Although petitioner alleges that there has been a change in the operative law, so as to avoid the conclusive effect of DAV I and DAV II under the doctrine of collateral estoppel, see Commissioner v. Sunnen, 333 U.S. 591 (1948) and Montana v. United States, 440 U.S. 147 (1979), this appears to be the same argument that the Sixth Circuit addressed in its opinion in DAV II. Petitioner also points to another comparable case, but involving another taxpayer, decided by this Court. Sierra Club, Inc. v. Commissioner, T.C. Memo. 1993-199 (first opinion); Sierra Club, Inc. v. Commissioner, 103 T.C.     (1994) (second opinion). Respondent has now moved for summary judgment against petitioner, on the grounds that the facts in the instant case, and the applicable law, are the same as they were in DAV I and DAV II, on the basis of which *521 the Sixth Circuit in DAV II ruled in favor of respondent. Respondent accordingly urges that, there being no facts in dispute or any change in the law between these cases, the principles of collateral estoppel apply so as to bar petitioner from contending that the fees herein involved are anything other than taxable rentals. Contesting respondent's motion, petitioner herein also has filed a motion for summary judgment, in which it contends that the principles of collateral estoppel should not control this case. Apparently conceding that there is no change in the material facts involving the use of petitioner's mailing lists between DAV I, DAV II, and the present case, petitioner nevertheless argues that there has been a change in the operative law, and that "special circumstances" exist, which would justify this Court in ignoring DAV I and DAV II and proceeding to a consideration of the merits of this case. This alleged change in the legal climate appears to be the same one which petitioner addressed and argued in the Tax Court in DAV II, as we said above. Although alleged in petitioner's motion, there do not appear to be any "special circumstances" present here that would distinguish *522 this case from DAV I and DAV II. Petitioner just thinks that DAV I and DAV II were wrong. Cf. Peck v. Commissioner, 904 F.2d 525, 529 (9th Cir. 1990), affg. 90 T.C. 126 (1988). Some years ago, this Court said, in the case of Golsen v. Commissioner, 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971): it is our best judgment that better judicial administration requires us to follow a Court of Appeals decision which is squarely in point where appeal from our decision lies to that Court of Appeals and to that court alone. Section 7482(a), I.R.C. 1954, charges the Courts of Appeals with the primary responsibility for review of our decisions, and we think that where the Court of Appeals to which appeal lies has already passed upon the issue before us, efficient and harmonious judicial administration calls for us to follow the decision of that court. * * * [Fn. refs. omitted.]
The doctrine of Golsen has been embraced by this Court and has been applied in numerous other cases since it was decided, where this Court concluded that the matter before *523 it in a given case was the same in all important respects as a matter that had previously been decided by the same appellate court, to which appeal in the latest case would go. There are apparently no differences, except for the years involved, between the facts in the instant case and those in DAV I and DAV II; at least the parties have not pointed us to any. We are not aware of any change in the law involving the taxation of income under section 512(b)(2) which would cause a different result in the Sixth Circuit from that which was reached by such Court in DAV II. [3] If appealed, this case would go to the Sixth Circuit, sec. 7482(b)(1)(B). The decision in DAV II is squarely in point with the instant case. Accordingly, in conformity with Golsen v. Commissioner, supra, which we think is controlling here, we must deny petitioner's motion for summary judgment and grant respondent's motion for summary judgment. *524 An appropriate order and decision will be entered. Footnotes
1. All statutory references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. The parties here are in agreement that the Commissioner of Internal Revenue, respondent here, is a party in privity with the United States.↩
3. It has been pointed out that at the appellate level, a "change in the law" for collateral estoppel purposes only includes decisions at the en banc level, Supreme Court decisions or congressional legislation. Peck v. Commissioner, 904 F.2d 525, 530 (9th Cir. 1990), affg. 90 T.C. 126↩ (1988).